IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANIEL BLAIR MAHONY and | ) | Case No. 06-60347 |
| VICKIE LYNN MAHONY, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | | |
| | | |
| IN RE: | ) | |
| | ) | |
| TAMERA nmi ANDERSON, | ) | Case No. 07-60768 |
| | ) | |
| Debtor. | ) | |

ORDER SUSTAINING TRUSTEE'S OBJECTIONS TO EXEMPTIONS

In each of these separate Chapter 7 bankruptcy cases, the Debtors sought to claim

exemptions in contingent and unliquidated personal injury lawsuits pursuant to § 513.427 of

the Missouri Statutes[1] and a well-established line of case law in Missouri.  The Chapter 7

trustee objected in both cases, based on the Eighth Circuit's recent decision in *In re Benn.*[2]

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has

jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1).  For the reasons that

follow, the Trustee's objections in both cases will be SUSTAINED.

Debtors Daniel and Vickie Mahony filed a Chapter 7 bankruptcy petition on May 4,

2006.  They received a discharge and their case was closed, but on August 7, 2007, they

reopened their case to list an asset previously omitted from their schedules, namely a

_____

[1]  Mo. Rev. Stat. Ann. § 513.427.

[2]  491 F.3d 811 (8th Cir. 2007).

contingent and unliquidated Phen-Phen personal injury tort claim, with an unknown value.

They claimed this asset fully exempt under § 513.427 of the Missouri Statutes and the case

of *Scarlett v. Barnes*.[3]  The Chapter 7 Trustee objected.

Debtor Tamera Anderson filed her Chapter 7 bankruptcy petition on May 31, 2007.

In her schedules, she listed as an asset a contingent and unliquidated personal injury lawsuit

resulting from a vehicle crash, with an unknown value.  She claimed this asset fully exempt

under § 513.427 and *In re Mitchell*.[4]  The Trustee objected.

Section 522 of the Bankruptcy Code addresses exemptions in bankruptcy cases.[5]

Generally, a debtor is permitted to choose between the scheme of federal exemptions

prescribed in § 522(d) of the Code or the exemptions available under other federal law and

the law of the state in which the debtor is domiciled, unless the domiciliary state opts out of

the federal exemption scheme.[6]  In that case, if the state opts out, the debtor may exempt only

property that is exempt under federal law other than § 522(d), and state and local law that is

applicable as of the date of the bankruptcy filing.[7]  Missouri has opted out.[8]

Section 513.427 of the Missouri Statutes provides:

---

[3]  121 B.R. 578 (W.D. Mo. 1990).

[4]  73 B.R. 93 (Bankr. E.D. Mo. 1987).

[5]  11 U.S.C. § 522.

[6]  *Id.*; *In re Benn*, 491 F.3d at 813 (citation omitted).

[7]  *Id.*

[8]  Mo. Rev. Stat. Ann. § 513.427; *In re Benn*, 491 F.3d at 813.

> Every person by or against whom an order is sought for relief under Title 11,
> United States Code, shall be permitted to exempt from property of the estate
> any property that is exempt from attachment and execution under the law of
> the state of Missouri or under federal law, other than Title 11, United States
> Code, Section 522(d), and no such person is authorized to claim as exempt the
> property that is specified under Title 11, United States Code, Section 522(d).[9]

Several Missouri statutes other than this section set forth specific exemptions available to

Missouri residents, in or outside of bankruptcy.[10]

No Missouri statute expressly exempts contingent or unliquidated personal injury

claims.  The Debtors are correct, however, that bankruptcy courts in Missouri have long-

standing common law precedent holding that unliquidated personal injury claims are exempt

from a bankruptcy estate.[11]  This history of allowing such exemptions resulted not from any

legislative act, but from Missouri's case law history finding that contingent claims cannot be

garnished or assigned and, therefore, are "exempt from attachment and execution" under

Missouri law and were, therefore exempt in bankruptcy cases pursuant to § 513.427.[12]

Recently, however, the Eighth Circuit Court of Appeals held, in the context of an

exemption claimed in an income tax refund, that § 513.427 is purely  an opt-out provision

and that its reference to "property 'exempt from attachment and execution' under Missouri

law means property that is declared exempt in one of the Missouri exemption statutes, such

---

[9]  Mo. Rev. Stat. § 513.427.

[10]  *See, e.g.*, Mo. Rev. Stat. §§ 513.430, 513.440, 513.475; *In re Benn*, 491 B.R. at 813-14.

[11]  *See In re Williams*, 293 B.R. 769 (Bankr. W.D. Mo. 2003).

[12]  *See id.*

as section 513.430."[13]   Hence, when the Missouri legislature enacted § 513.427, it meant to

allow debtors in bankruptcy to exempt property that was either "specifically declared exempt

by another Missouri statute or a federal statute other than § 522(d)."[14]   Since there is no

Missouri or federal statute expressly providing for an exemption in income tax refunds, the

Eighth Circuit held that debtors in Missouri cannot claim an exemption in them by virtue of

§ 513.427.[15]

The Debtors here argue that, unlike income tax refunds, Missouri courts have long

held that unliquidated personal injury claims are exempt and that the Eighth Circuit could not

have intended to change that precedent in *Benn*.  Unfortunately for the Debtors, however, the

Eighth Circuit's opinion is very clear that, unless there is a specific Missouri statute, or a

federal statute other than § 522, providing an exemption in property, a Missouri debtor in

bankruptcy cannot claim an exemption in it.[16] The Eighth Circuit further expressly

acknowledged that Missouri debtors outside of bankruptcy might be able to protect certain

items that are not protected in bankruptcy.[17]   Hence, I see no basis to conclude that the

---

[13]  *In re Benn*, 491 F.3d at 815.

[14]  *Id.*

[15] *Id.* at 816.

[16]  *In re Benn*, 491 F.3d at 815.

[17]  *Id.* ("[W]e do not think it unreasonable to expect that the Missouri legislature might grant powers or remedies to a bankruptcy trustee that are unavailable to a non-bankruptcy creditor."; "That common law remedies available to a non-bankruptcy creditor would not reach certain property interests of the debtor does not inexorably lead to the conclusion that the legislature would elect as a matter of policy to create an exemption that excludes that property from the bankruptcy estate.")

Eighth Circuit left open the possibility that unliquidated personal injury claims, for which there is no specific Missouri or federal exemption statute, could be claimed exempt by bankruptcy debtors in Missouri.

Consequently, the Debtors in these bankruptcy cases cannot use § 513.427, and prior case law thereunder, to claim exemptions in their respective unliquidated personal injury claims. I recognize that this my seem to be a harsh result, particularly given the Missouri courts' attempt to protect unliquidated personal injury claims based on public policy, but such matters of public policy are matters for the Missouri legislature to decide.

ACCORDINGLY, The Trustee's objections to the Debtors' exemptions in their respective personal injury claims are SUSTAINED.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: September 4, 2007

**\*\*\*DANNY NELSON TO SERVE PARTIES NOT RECEIVING ELECTRONIC NOTICE\*\*\***